[Doc. No. 14]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JORGE JUSTIANO,<br><br>        Plaintiff,<br><br>    v.<br><br>G4S SECURE SOLUTIONS, INC.,<br><br>        Defendant. | Civil No. 12-1050 (JBS/JS) |

**MEMORANDUM OPINION AND ORDER**

   This Opinion and Order addresses the discovery dispute raised in plaintiff's January 29, 2013 letter and defendant's February 2, 2013 response [Doc. No. 14]. The dispute generally concerns plaintiff's request for "comparator" information. For the reasons to be discussed plaintiff's application is GRANTED in part and DENIED in part.

Background

   By way of brief background plaintiff's complaint alleges defendant violated the Family and Medical Leave Act ("FMLA"), the New Jersey Family Leave Act ("NJFLA") and the New Jersey Law Against Discrimination ("NJLAD"). Plaintiff was employed as a security guard at the Salem/Hope Creek Generating Facility ("Facility"). Plaintiff alleges that starting in or about January 2010 he missed work because of various medical problems. Plaintiff contends he was not provided with required individualized FMLA notice of his right to intermittent leave. He also contends defendant did not designate or treat his intermittent absences as FMLA protected. In addition,

plaintiff argues his leave of absence due to the hospitalization of his mother was not counted as an excused leave.  Plaintiff was fired on December 14, 2010 for absenteeism.  Plaintiff contends, <u>inter alia</u>, that defendant interfered with his rights under the FMLA and NJFLA and retaliated against him for taking what should have been counted as FMLA leave.  Defendant argues plaintiff violated its applicable Attendance Policy and plaintiff was fired for cause.

    The parties' discovery dispute concerns plaintiff's request for comparator information. Plaintiff wants "comparator discovery" to show that he was treated differently from similarly situated employees.  Plaintiff argues he seeks, "evidence related to the employment consequences imposed upon other similarly situated employees who accrued absences that were either FMLA and/or NJFLA qualifying, as well as the employment consequences imposed upon employees who accrued non-FMLA and/or NJFLA qualifying absences." January 29, 2013 Letter Brief ("LB") at 4.  Defendant argues plaintiff has not demonstrated a "particularized showing for the information he seeks."  February 5, 2013 Letter Brief ("LB") at 3. Defendant also argues, "[i]nformation pertaining to individuals who held the same job as Plaintiff have nothing to do with Plaintiff's claim."  <u>Id.</u> at 4.  Further, defendant argues, "[t]here is no threshold showing that there are any comparable situations or that G4S engaged in some pattern of discrimination against security officers at this location."  <u>Id.</u> at 5.

<u>Discussion</u>

    As a general matter the Federal Rules of Civil Procedure "allow

2

broad and liberal discovery." Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999). Pursuant to Federal Rule of Civil Procedure 26(b)(1), the scope of discovery is as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1). Courts have interpreted the federal rules to mean that discovery encompasses "any matter that bears on or reasonably could lead to other matters that could bear on any issue that is or may be in the case." Kopacz v. Del. River and Bay Auth., 225 F.R.D. 494, 496 (D.N.J. 2004).

While the scope of discovery pursuant to Rule 26 is broad, it is not unlimited and may be circumscribed. Bayer AG v. Betachem, Inc., 173 F.3d 188, 189 (3d Cir. 1999); Kopacz v. Delaware River and Bay Authority, 225 F.R.D. 494, 497 (D.N.J. 2004). As noted in Claude P. Bamberger Intern., Inc. v. Rohm and Haas Co., C.A. No. 96-1041 (WGB), 1998 WL 684263, at *2 (D.N.J. April 1, 1998)(citations and internal quotation marks omitted), "while the standard of relevancy is a liberal one, it is not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not appear germane merely on the theory that it might become so."  Discovery should not serve as a fishing expedition during which a party searches for evidence to support facts not yet

3

pleaded. Smith v. Lyons, Doughty & Velduius, P.C., C.A. No. 07-5139 (JHR), 2008 WL 2885887, at *5 (D.N.J. July 23, 2008).

In the employment discrimination context it can hardly be disputed that discovery directed to similarly situated employees is relevant. Salamone v. Carter's Retail, Inc., C.A. No. 09-5856(GEB), 2011 WL 1458063, at *3 (D.N.J. April 14, 2011); see also Davis v. Cleary, C.A. No. 09-0925 (AET), 2011 WL 4435697, at *5 (D.N.J. Sept. 22, 2011). Indeed, discovery in these cases is broad because plaintiffs often rely on indirect or circumstantial proof of discrimination. Salamone, at *3. There is no general rule to determine who is or who is not a similarly situated employee. Instead, "case specific definitions" are used. Id., at *3. The determination of whether employees are similarly situated takes into account factors such as the employees' job responsibilities, the supervisors and decision-makers, and the nature of the misconduct engaged in. Wilcher v. Postmaster General, 441 Fed. Appx. 879, 882 (3rd Cir. 2011).[1]  The Court therefore disagrees with defendant's argument that "[i]nformation pertaining to individuals who held the same job as Plaintiff have nothing to do with Plaintiff's claim." LB at 4. As discussed, the reported decisions have developed case-specific definitions. Further, the Court does not accept

---

1. Defendant relies on Wilcher for the proposition that a similarly situated comparator employee must be similarly situated in all relevant respects. LB at 7. However, Wilcher did not address discovery issues. Discovery is obviously broader than the standard for the admissibility of evidence at trial. Hite v. Peters, C.A. 07-4492 (RMB/AMD), 2009 WL 1748860, at *3 (D.N.J. June 19, 2009)(citation omitted).

4

defendant's argument that plaintiff must demonstrate a "particularized showing" for what he seeks. Pursuant to Fed. R. Civ. P. 26(b), plaintiff is entitled to any nonprivileged matter relevant to his claim. "Courts have construed this rule liberally, creating a broad vista for discovery." E.E.O.C. v. Princeton Healthcare System, C.A. No. 10-4126 (JAP), 2011 WL 2148660, at *11 (D.N.J. May 31, 2011)(citation omitted).

The first interrogatory at issue is No. 5 which asks defendant to:

> Identify each and [every] security officer employed by Defendant at the Generating Facility, in the three years prior to the date the interrogatories were served, that the Defendant contends violated the same workplace policy(ies), procedures and rules that Defendant contends Plaintiff violated during the last six (6) months of Plaintiff's employment (Defendant's absence and call-off policy).[2]

Defendant objects to this interrogatory as irrelevant and seeking confidential information. Defendant's objections are OVERRULED.[3] Plaintiff's interrogatory is appropriately limited to similarly situated employees. The interrogatory is limited to the Facility,

---

2. The Court quotes the version of the interrogatories contained in plaintiff's letter briefs.

3. Defendant's objection on confidentiality grounds is denied. Plaintiff is not asking for, nor is he entitled to, the social security numbers, birth dates, 401(k) information, etc. of third parties. To the extent some relevant confidential information must be produced, the information will be protected by designating it as "Confidential" pursuant to the parties' Discovery Confidentiality Order ("DCO"). The Court's May 20, 2012 Order directed the parties to serve the DCO by July 31, 2012. See Order at ¶3, Doc. No. 10. It is not a legitimate basis to deny relevant discovery simply because it is designated "confidential".

it concerns employees who held the same job as plaintiff (e.g., security officer), and it concerns the "same workplace policy(ies), procedures and rules that Defendant contends Plaintiff violated...." Plaintiff could hardly be more specific. Contrary to defendant's argument (LB at 5), plaintiff's request is not asking about all security officers it employs. Plaintiff focuses on security officers who were employed at the Facility and who were subject to the same policies and rules as he was. The Court also finds that in this context the three (3) year period plaintiff inquires about is reasonable. However, since plaintiff was fired on December 14, 2010, the three year period should run from a reasonable time before the termination to a reasonable time after the termination--June 14, 2007 - June 14, 2010.[4]

Defendant objects to Interrogatory 10 which states:

> Identify each and every security officer employed by Defendant at the Generating Facility who has made an internal report, complaint or allegation to Defendant (verbally or otherwise), or who has filed or threatened to file a lawsuit or an administrative action in which Defendant was named as a defendant/respondent, alleging violation(s) of the Family [M]edical Leave Act, the New Jersey Family Leave Act and/or the New Jersey Law Against Discrimination at any point during the past five (5) years.

For the same reasons as already discussed, the Court finds the

---

4. Much of defendant's letter brief discusses whether personnel files may be discovered. Plaintiff has not requested personnel files albeit it is true that some of the requested information may be located in personnel files. In any event, relevant information contained in personnel files is discoverable. New Jersey National Guard Challenge Youth Program, C.A. No.06-347 (RMB), 2007 WL 980453 (D.N.J. March 29, 2007).

6

requested information is relevant. However, the request is limited to security officers who filed a written complaint with defendant, and security officers who filed an administrative action or a lawsuit. The interrogatory should cover the three (3) year period of June 14, 2007 - June 14, 2010.

Defendant also objects to Interrogatories 12, 13 and 14 which state:

> Identify each security officer employed by Defendant at the Generating Facility who has worked at the same location as Plaintiff who has taken a leave of absence due to a medical condition of the employee or a family member of the employee (whether the leave was for a single period of time or intermittently) that Defendant *has* designated as FMLA-qualifying, in the last three (3) years. For each employee identified, identify: whether he or she has been demoted or terminated (whether voluntarily or involuntarily) since taking the leave and if so, the reason(s) for said demotion or termination, who made the decision regarding the demotion or termination, and how soon after the leave expired (or was due to expire) that the demotion or termination occurred. (Interrogatory No. 12)
>
> Identify each and every security officer employed by Defendant at the Generating Facility who has worked at the same location as Plaintiff who has taken a leave of absence due to a medical condition of the employee or a family member of the employee (whether the leave was for a single period of time or intermittently) that Defendant has *not* designated as FMLA-qualifying, in the last three (3) years. For each employee identified, identify: whether he or she has been demoted or terminated (whether voluntarily or involuntarily) since taking the leave and if so, the reason(s) for said demotion or termination, who made the decision regarding the demotion or termination, and how soon after the leave expired (or was due to expire) that the demotion or termination occurred. (Interrogatory No. 13)

7

> Identify each and every security officer employed by Defendant at the Generating Facility who has worked at the same location as Plaintiff who has taken a leave of absence for a reason *other than* a medical condition of the employee or a family member of the employee (whether the leave was for a single period of time or intermittently), in the last three (3) years. For each employee identified, identify: whether he or she has been demoted or terminated (whether voluntarily or involuntarily) since taking the leave and if so, the reason(s) for said demotion or termination, who made the decision regarding the demotion or termination, and how soon after the leave expired (or was due to expire) that the demotion or termination occurred. (Interrogatory No. 14)

Defendant's objections to Interrogatories 12, 13 and 14 are sustained. Plaintiff argues he needs this information to discover whether any other security officer "suffered an adverse employment action after taking a leave of absence that Defendant had designated as FMLA-qualifying leave." LB at 10. Plaintiff also wants the information to determine if defendant "has a practice of failing to designate as FMLA-qualifying leave, leave that ought to be designated as FMLA-qualifying leave (as Defendant had done with Plaintiff)." Id. In addition, plaintiff wants to find out if defendant "disciplines only employees who officially take FMLA or NJFLA leave." Id. Plaintiff's request for this information is denied for the reason that substantially similar information should be discovered in response to Interrogatories 5 and 7. See Fed. R. Civ. P. 26(b)(2)(C)(in its discretion the Court may limit discovery that is unreasonably cumulative or where the burden and expense of the discovery is outweighed by its likely benefit). If employees are identified in response to Interrogatory No. 5, plaintiff is

8

permitted to also discover whether the employees made FMLA requests and if the requests were granted or denied.  Further, if other employees had problems associated with their FMLA requests they are likely to have filed a formal or informal written complaint. Plaintiff is entitled to know the FMLA circumstances of these employees.  Consequently, if it exists the information plaintiff hopes to obtain in response to Interrogatories 12, 13 and 14 will be obtained in response to Interrogatory 5.

Conclusion

    Accordingly, for all the foregoing reasons,

IT IS HEREBY ORDERED this 22nd day of February, 2013, that plaintiff's discovery application is GRANTED in part and DENIED in part.  Defendant is ORDERED to answer Interrogatories 5 and 7. Defendant's objections to Interrogatories 12, 13 and 14 are SUSTAINED.  Defendant shall answer Interrogatories 5 and 7 by March 15, 2013.[5]

 

                                                  s/Joel Schneider
                                                  JOEL SCHNEIDER
                                                  United States Magistrate Judge

---

5. To the extent defendant argues it is burdensome to answer plaintiff's discovery (LB at 7 n.1), the argument is rejected. Generalized allegations of harm or burden, without specificity and supporting proof, are not sufficient to sustain the objection. Harding v. Dana Transport, Inc., 914 F.Supp. 1084, 1102 (D.N.J. 1996).

9