UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE JUSTIANO<br>343 East Butler Ave<br>Vineland NJ 08360<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G4S SECURE SOLUTIONS, INC. f/k/a WACKENHUT CORPORATION<br>1395 University Boulevard<br>Jupiter, Florida 33458<br><br>　　　　Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

## AMENDED CIVIL ACTION COMPLAINT

Plaintiff Jorge Justiano (hereinafter "Plaintiff"), by and through his undersigned counsel, hereby complains as follows against Defendant G4S Secure Solutions, Inc. f/k/a Wackenhut Corporation (hereinafter "Defendant").

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant of the Family and Medical Leave Act ("FMLA"), the New Jersey Family Leave Act ("NJFLA"), the New Jersey Law Against Discrimination ("NJLAD"). In essence Plaintiff was terminated from employment due to his disability and/or perceived disability and for taking protected absences, in violation of the FMLA, NJFLA and NJLAD. As a result of Defendant's action, Plaintiff suffered damages as set forth herein.

### JURISDICTION AND VENUE

2. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States. This Court has

jurisdiction over Plaintiff's state law claim(s) because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a corporation that operates a nationwide security business that does business in New Jersey.

8. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein as if set forth in full.

10. Plaintiff was hired by Defendant in or around October 2005 as a security officer.

11. Plaintiff was stationed to perform his duties at the PSE&G Nuclear Plant in Alloways Creek, New Jersey.

12. As part of his job duties, Defendant required that Plaintiff be able to carry and utilize a rifle in the event of a security breach.

13. In or around January 2010, Plaintiff suffered from a calcification in his left wrist, resulting in acute pain to, and limiting the usage of, his left hand and wrist (hereinafter Plaintiff's "Wrist Condition").

14. Plaintiff immediately sought medical attention for his Wrist Condition whereby his physician ordered that he wear a splint to immobilize his wrist for a period of eight (8) weeks.

15. Thereafter, Plaintiff received medical treatment for his Wrist Condition including but not limited to follow up doctor's appointments and medication.

16. Plaintiff immediately informed the Human Resources Manager, Tiffany (last name unknown) and his project Manager, Leo Sells about his physicians' orders and provided a note from his physician confirming same.

17. As a result of his wrist being immobilized, Plaintiff was unable to complete his job duties and was required to remain out of work until March 22, 2010.

18. Defendant failed to provide individualized notification to Plaintiff regarding his rights under the FMLA.

19. Rather, Plaintiff was informed that he would need to utilize sick days to cover his absences.

20. On or about March 23, 2010, Plaintiff returned to work on full duty.

21. Nonetheless, Plaintiff continued to suffer from pain due to his Wrist Condition.

22. From April through December of 2010, Plaintiff continued to receive medical treatment for his Wrist Condition and needed to periodically miss work due to his Wrist Condition.

23. Defendant failed to provide individualized notification to Plaitniff regarding his rights under the FMLA.

24.

25. On or about July 31, 2010, Plaintiff suffered from an injury to his lower back, resulting in acute pain.

26. Plaintiff immediately sought medical attention for the pain in his lower back (hereinafter Plaintiff's "Back Condition").

27. Plaintiff's physician ordered him to remain out of work for a period of three days related to his Back Condition.

28. Plaintiff immediately informed Defendant of his physician's orders.

29. Defendant failed to provide individualized notification to Plaintiff regarding his rights under the FMLA.

30. On or about August 3, 2010, Plaintiff returned to work without restriction.

31. Nonetheless, Plaintiff continued to intermittently suffer from pain due to his Back Condition, causing him to periodically miss work.

32. From April 2010 through December 2010, Plaintiff missed approximately ten days of work due to his Wrist Condition and/or Back Condition (hereinafter collectively referred to as Plaintiff's "Medical Condition").

33. Each time Plaintiff required an absence from work due to his Medical Condition, Plaintiff informed Defendant of same.

34. In or around mid-October 2010, Plaintiff's mother in law suffered from a serious illness.

35. Plaintiff requested from and was approved for one week leave to provide care for his mother-in-law from Defendant's Human Resources department.

36. At the time, Plaintiff provided Defendant's Human Resources department with a note from his mother-in-law's physician documenting her serious illness and need for care for same.

37. Plaintiff also informed his new project manager, Mitch Wood, about his mother-in-law's illness and need for leave to provide care for same.

38. Defendant failed to issue Plaintiff any notice of his individualized rights under the NJFLA.

39. From January 2010 until his termination in December 2010, Plaintiff was not absent from work for any reason other than the absences related to his Medical Condition and the pre-approved leave he was granted to care for his mother-in-law.

40. On or about December 14, 2010, Plaintiff received a call from Mr. Wood, ordering that Plaintiff gather his equipment and belongings, and that he attend a meeting in his project manager's office.

41. On the afternoon of December 14, 2010, Plaintiff attended said meeting whereby Mr. Wood informed him that Defendant was firing him because of absences.

42. Plaintiff explained that each of his absences over the past year were related to his Medical Condition and/or to care for his family member.

43. Nonetheless, Defendant informed Plaintiff that he was being fired for his absenteeism.

44. At the time of his termination, Plaintiff had cumulatively taken approximately ten (10) weeks of absences that Defendant should have designated and treated as FMLA-protected and/or NJFLA protected, but failed to do so.

45. In fact, Defendant fired Plaintiff because of his FMLA and NJFLA-protected absences, because of his Medical Condition, and because he needed to take various days off of work due to his Medical Condition or the serious illness of a family member.

## COUNT I
### Violations of the Family and Medical Leave Act
(Interference)

46. The foregoing paragraphs are incorporated herein as if set forth in full.

47. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act.

48. As of January, 2010, Plaintiff was employed with Defendant for at least twelve (12) months.

49. Further, Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) months prior to the commencement of his medical leaves of absence.

50. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for twenty (20) or more calendar workweeks in the current or proceeding calendar year.

51. Plaintiff required time off from work because of his Medical Condition.

52. Plaintiff's Medical Condition constituted a serious health condition within the meaning of the FMLA.

53. Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, and Defendant was not permitted to interfere with Plaintiff's rights under the FMLA.

54. Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, and Defendant was not permitted to retaliate against Plaintiff for exercising his rights under the FMLA.

55. Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with individualized notice of his FMLA rights.

56. Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA mandated eligibility notice.

57. Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA mandated rights and responsibilities notice.

58. Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA mandated designation notice.

59. Defendant interfered with Plaintiff's FMLA rights by firing him in retaliation for having taken leave that Defendant should designated and treated as FMLA protected leave.

60. Defendant interfered with Plaintiff's FMLA rights by firing him to prevent him from taking further FMLA leave.

61. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT II
## Violations of the Family and Medical Leave Act
### (Retaliation)

62. The foregoing paragraphs are incorporated herein as if set forth in full.

63. Defendant retaliated against Plaintiff by disciplining and firing him for having taken leave that Defendant should designated and treated as FMLA protected leave.

64. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT III
## Violations of the New Jersey Family Leave Act ("NJFLA")
## (Interference)

65. The foregoing paragraphs are incorporated herein as if set forth in full.

66. Plaintiff was an eligible employee under the definitional terms of the NJFLA.

67. Plaintiff required NJFLA qualifying leave to care for his Medical Condition.

68. Plaintiff required NJFLA qualifying leave to care for his mother-in-law's serious health condition.

69. As of October 2010, Plaintiff was employed with Defendant for at least twelve (12) months.

70. Further, Plaintiff had at least 1,000 hours of service with Defendant during the twelve (12) months prior to his NJFLA leave of absence.

71. Defendant is engaged in an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks in 2010 or 2009.

72. Plaintiff was entitled to receive leave pursuant to the NJFLA for a total of twelve (12) workweeks, and Defendant was not permitted to interfere with these rights.

73. Defendant interfered with Plaintiff's rights and obligations under the NJFLA by failing to provide him with notices of his rights under the NJFLA.

74. Defendant interfered with Plaintiff's NJFLA rights by firing him in retaliation for having taken leave that Defendant should designated and treated as NJFLA protected leave.

75. Defendant interfered with Plaintiff's NJFLA rights by firing him to prevent him from taking further NJFLA leave.

76. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT IV
### Violations of the New Jersey Family Leave Act ("NJFLA")
### (Retaliation)

77. The foregoing paragraphs are incorporated herein as if set forth in full.

78. Plaintiff was entitled to receive leave pursuant to the NJFLA for a total of twelve (12) workweeks, and Defendant was not permitted to retaliate against Plaintiff for exercising these rights.

79. Defendant retaliated against Plaintiff for taking NJFLA qualifying leave by terminating his employment.

80. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT V
### Violations of the New Jersey Law Against Discrimination (NJLAD)
### (Disability/Perceived Discrimination)

81. The foregoing paragraphs are incorporated herein as if set forth in full.

82. At all times relevant herein, Plaintiff's Medical Condition rendered him an individual with a disability under the NJLAD.

83. At all times relevant herein, Plaintiff was perceived by Defendant to be suffering from a disability.

84. Plaintiff was terminated because he suffered from his Medical Condition and/or because Defendant perceived him as being disabled.

85. Defendant's actions as aforesaid constitute violations of the NJLAD.

## COUNT VI
### Violations of the New Jersey Law Against Discrimination (NJLAD)
**(Failure to Accommodate)**

86. The foregoing paragraphs are incorporated herein as if set forth in full.

87. Plaintiff requested a reasonable accommodation from Defendant in that he sought to be permitted to take various leaves caused by his Medical Condition and/or treatment for his Medical Condition.

88. Defendant could have continued to grant Plaintiff the aforementioned accommodations without undue hardship but failed to do so.

89. Defendant's aforementioned conduct is in violation of the New Jersey Law Against Discrimination.

## COUNT VII
### Violations of the New Jersey Law Against Discrimination (NJLAD)
**(Retaliation)**

90. The foregoing paragraphs are incorporated herein as if set forth in full.

91. Plaintiff requested a period of time off from work due to a disability.

92. Requesting an accommodation for a disability and accepting the accommodation are clearly protected activities under the NJLAD.

93. Defendant terminated Plaintiff because he requested the aforementioned accommodations.

94. Defendant's aforementioned conduct constitutes retaliation pursuant to the NJLAD.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their need to take FMLA qualifying leaves and/or their health conditions;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C.      Plaintiff is to be awarded liquidated damages and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (liquidated damages are sought under the FMLA);

D.      Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law.

                                  Respectfully submitted,

                                  **SWARTZ SWIDLER, LLC**

                                  */s/ Richard Swartz*
                                  Richard S. Swartz, Esq.
                                  Manali Arora, Esq.
                                  1878 Marlton Pike East, Suite 10
                                  Cherry Hill, NJ 08003
                                  (856) 685-7420
                                  (856) 685-7417 Fax

Dated: March 14, 2013